

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 22, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-603

Re: Under the provisions
of Article 4413 (32),
V.C.S., may the Game
& Fish Commission
enter into a contract
with the State High-
way Department for
clearing and grubbing
Dear Mr. Calvert:                    a radio tower site.

You have requested an opinion on the following
questions:

"Under the provisions of Article
4413 (32), V.C.S., may the Game & Fish
Commission enter into a contract with
the State Highway Department for clear-
ing and grubbing a radio tower site.

"(1). In view of the Constitutional
restriction /Sec. 7-a, Art. VIII, Consti-
tution of Texas/ please advise if in your
opinion moneys deposited in the State High-
way Fund may be expended for performing the
services for which the enclosed account was
presented?

"(2). In view of the Constitutional
restriction /Sec. 7-a, Art. VIII, Constitu-
tion of Texas/, please advise if in your
opinion moneys deposited in the State High-
way Fund may be expended for services ren-
dered under the provisions of Article 4413
(32) and Article 6674t, V.C.S."

The factual background of this request is as follows:
On the 6th day of November, 1958, the State Highway Depart-

ment and the Game and Fish Commission entered into an inter-agency contract pursuant to the provisions of Article 4413 (32), V.C.S., whereby the Texas Highway Department agreed to furnish engineering services, supervision, labor, drilling equipment, laboratory equipment, and technical services to complete the clearing and grubbing of a site for a radio tower in the Austin City Park near Lake Austin, Travis County, Texas, and the Game and Fish Commission agreed to reimburse the State Highway Department for all expenses incurred by the Highway Department in the performance of the services. This contract was executed by the Game and Fish Commission and the State Highway Department and approved by the State Board of Control. The approval of the State Board of Control had the effect of finding (a) that the services specified were necessary and essential for activities and work that are properly within the statutory functions and programs of the affected agencies of the State Government; (b) the proposed arrangements would serve the interests of efficient and economical administration of the State Government; and (c) the specified bases for reimbursing actual costs were fair, equitable, and realistic and in conformity with the limitations of funds prescribed in the current appropriations act or other applicable statutes. Sec. 5, Art. 4413 (32), V.C.S.

Pursuant to this contract the Texas Highway Department performed the services called for in the contract and presented a voucher to the Comptroller for the payment of the cost in accordance with the terms of the contract. This voucher was approved by the State Highway Department, the Game and Fish Commission, and the Board of Control.

Since the services performed by the Highway Department did not involve the construction of any highway, street, road, or other building or structure, the prohibition contained in Section 3 of Article 4413 (32) does not apply.

Section 7-a of Article VIII of the Constitution of Texas provides as follows:

"Subject to legislative appropriation, allocation and direction, all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees, and all taxes, except gross production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws as may be

Honorable Robert S. Calvert, Page 3 (WW-603)

prescribed by the Legislature pertaining to the
supervision of traffic and safety on such roads;
and for the payment of the principal and interest
on county and road district bonds or warrants
voted or issued prior to January 2, 1939, and de-
clared eligible prior to January 2, 1945, for
payment out of the County and Road District High-
way Fund under existing law; provided, however, that
one-fourth ($\frac{1}{4}$) of such net revenue from the motor
fuel tax shall be allocated to the Available School
Fund; and provided, however, that the net revenue
derived by counties from motor vehicle registration
fees shall never be less than the maximum amounts
allowed to be retained by each County and the per-
centage allowed to be retained by each County under
the laws in effect on January 1, 1945. Nothing
contained herein shall be construed as authorizing the
pledging of the State's credit for any purpose."

While this provision of the Constitution restricts
the expenditure of moneys in the State Highway Fund, it does
not apply to the expenditure of funds by the Game and Fish
Commission. The only expenditure of public moneys involved
in your request is money appropriated to the Game and Fish
Commission. Therefore it is our opinion that the provisions
of Section 7-a, Article VIII, Constitution of Texas, have no
application to the validity of the contract submitted with
your request.

Article 6674t, Vernon's Civil Statutes, authorizes
the Texas Highway Department, upon request of the Board for
Texas State Hospitals and Special Schools or the State Youth
Development Council to enter into agreements with the Board
or Council for the construction, maintenance, and repair of
roads within any of the institutions under their management
and control, and authorizes these agencies to reimburse the
Texas Highway Department for the cost of such work performed.
Since the account submitted with your request does not apply
to any institution under the management and control of either
the Hospital Board or the Youth Council, the provisions of
Article 6674t have no application to your request.

In view of the foregoing you are advised that the
contract attached with your request is valid, and that the
Texas Highway Department is entitled to reimbursement in
accordance with its provisions. You are also advised that
the voucher attached to your request may be paid.

## SUMMARY

The Texas Highway Department and the Game and Fish Commission have the authority to enter into an inter-agency contract pursuant to the provisions of Article 4413 (32), Vernon's Civil Statutes, whereby the Texas Highway Department would perform services necessary for the clearing and grubbing of a radio tower site, and the Game and Fish Commission to reimburse the Texas Highway Department for the actual cost of such services.

Yours very truly,

WILL WILSON
Attorney General of Texas


By *John Reeves*
John Reeves
Assistant

JR:rm: me

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Dean Davis
C. K. Richards
Elmer McVey
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert